UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15CV-00016-HBB

RAHEEM ADDUL ALI                                                                                    PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                          DEFENDANT

MEMORANDUM OPINION
AND ORDER

BACKGROUND

Before the Court is the complaint (DN 1) of Raheem Addul Ali ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Defendant has filed a joint motion for remand for further proceedings under sentence four of 42 U.S.C. § 405(g) (DN 17).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on September 3, 2012 (Tr. 21, 190). Plaintiff also protectively filed an application for Supplemental Security Income payments on February 4, 2013 (T. 21, 192). Plaintiff alleged that he became disabled on May 15, 2012, as a result of type 2 diabetes, diabetic neuropathy, a cyst on L5 vertebrae, high

1

blood pressure, depression, and a brain lesion (Tr. 21, 190, 192, 217). On May 22, 2014, Administrative Law Judge George A. Jacobs ("ALJ") conducted a video hearing from Louisville, Kentucky (Tr. 21). Plaintiff appeared in Bowling Green, Kentucky, and was represented by attorney Mary Burchett-Bower (Tr. 21). Also present and testifying was Stephanie G. Barnes, a vocational expert (Tr. 21).

In a decision dated January 18, 2013, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017 (Tr. 23). The ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Id. at 21-34). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 15, 2012, the alleged onset date (Id. at 23). At the second step, the ALJ determined that Plaintiff's diabetes with peripheral neuropathy, degenerative disc disease of the lumbar spine, obesity, plasmacytoma, and depression are "severe" impairments within the meaning of the regulations (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id. at 24).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of sedentary work because he has a sit/stand option with at least 30 minutes in a position; he is limited to occasional postural activities, but he can never kneel, crawl, or climb ladders, ropes, and scaffolds; he must avoid temperature extremes, humidity, vibration, and hazards such as machinery and heights; he cannot push or pull with lower extremities; and he is limited to simple repetitive tasks (Id. at 26). Additionally, the ALJ found that Plaintiff is unable to perform his past relevant work (Id. at 32).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional

capacity, age, education, and past work experience as well as testimony from the vocational expert (Id. at 33-34). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from September 1, 2008, through the date of the decision (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 15-17). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

CONCLUSIONS OF LAW

Defendant has filed a joint motion for remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (DN 17). A remand pursuant to sentence four of 42 U.S.C. §405(g) is a post-judgment remand. Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994). This means the case is remanded to the Commissioner in conjunction with the Court making a final judgment that affirms, reverses, or modifies the final decision of the Commissioner. Id. Further, under sentence four, the Court may order the Commissioner to consider additional evidence on remand to remedy a defect in the original proceedings. Id.

Pursuant to sentence four of 42 U.S.C. § 405(g), the undersigned will issue a judgment that reverses the final decision of the Commissioner and remands the case to the Commissioner. Additionally, on remand, the Administrative Law Judge is directed to give further consideration to all medical source opinions, in particular those of Drs. Dimar, Karippot, Harpring, and Tyree, pursuant to the provisions of 20 C.F.R. §§ 404.1527 and 416.927 and Social Security Rulings 96-2p, 96-5p, and 96-6p, and explain the weight given to such opinion evidence; and, if necessary,

obtain evidence from a medical expert to clarify the nature and severity of the Plaintiff's impairments (20 C.F.R. 404.1527(e) and 416.927(e)) and Social Security Ruling 96-6p).

ORDER

**IT IS HEREBY ORDERED** that Defendant's joint motion for remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (DN 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner is **REVERSED** and, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that upon remand the Commissioner will instruct the Administrative Law Judge to give further consideration to all medical source opinions, in particular those of Drs. Dimar, Karippot, Harpring, and Tyree, pursuant to the provisions of 20 C.F.R. §§ 404.1527 and 416.927 and Social Security Rulings 96-2p, 96-5p, and 96-6p, and explain the weight given to such opinion evidence; and, if necessary, obtain evidence from a medical expert to clarify the nature and severity of the Plaintiff's impairments (20 C.F.R. §§ 404.1527(e) and 416.927(e)) and Social Security Ruling 96-6p).   This is a final and appealable Order and there is no just cause for delay.

Copies:	Counsel